IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NOS. 7:20-CV-53-FL,
7:20-CV-54-FL,
7:20-CV-55-FL,
7:20-CV-56-FL,
7:20-CV-57-FL,
7:20-CV-58-FL

| | |
|---|---|
| BLAKE GARY ADAMS; WILLIAM GARY ADAMS; KEITH SMITH; STRICKLAND FARMING PARTNERSHIP; D&T FARMS, INC.; and WARREN FARMING PARTNERSHIP, Appellants, v. SOUTHERN PRODUCE DISTRIBUTORS, INC., Appellee. | ORDER |

These six related bankruptcy appeals, recently reassigned to the undersigned, are before the court on appellants' motions for leave to appeal from an interlocutory order of the bankruptcy court entered March 11, 2020. See In re S. Produce Distributors, Inc., 616 B.R. 667 (Bankr. E.D.N.C. 2020). Appellee responded in opposition, and appellants have replied. In this posture, the issues raised are ripe for ruling. For the following reasons, the motions are granted.

**BACKGROUND**

The instant appeals arise out of six adversary proceedings commenced within a bankruptcy case, No. 18-002010-5-SWH (E.D.N.C.) (the "bankruptcy case"), in which appellee is the debtor and appellants are unsecured creditors. Appellee's business operations include purchasing sweet

potatoes from growers and packaging and selling them to wholesale and retail vendors. Appellants' business operations include growing sweet potatoes.

In the bankruptcy case, appellee filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 20, 2018 (the "petition"). Three of six appellants filed proofs of claims in the bankruptcy case: Warren Farming Partnership ("Warren") in the amount of $437,404.84; D&T Farms, Inc., ("D&T") in the amount of $602,528.13; Strickland Farming Partnership ("Strickland") in the amount of $168,000.00. The other three appellants did not file proofs of claims, but they are listed in appellee's bankruptcy case schedules as having pre-petition claims as follows: Blake Gary Adams ("B. Adams") in the amount of $33,226.48; William Gary Adams ("W. Adams") in the amount of $78,656.40; and Keith Smith ("Smith") in the amount of $256,707.40.

On September 7, 2018, the bankruptcy court entered an order authorizing appellee, in its discretion, to enter into post-petition contracts with sweet potato growers, such as appellants, in which appellee could make "partial pre-payments" for the purchase of new sweet potatoes. (E.g., Bankr. E.D.N.C. Case No. 19-00064-5-SWH, Doc. 24 at 14) (hereinafter the "pre-payment order"). The pre-payment order authorized appellee to calculate the available pre-payment amount "based upon a mathematical formula of up to 80% of [any] [g]rower's unpaid, pre-petition claim" against appellee. (Id. at 12). But such pre-payment was not to be "a payment of any pre-petition amount owed to any [g]rower." (Id.).

The bankruptcy court confirmed appellee's fifth and latest amended plan of reorganization, on February 14, 2019, (the "plan"), which provided for the sale of appellee's assets, payment of all secured claims, and treatment and payment of unsecured claims to the extent of available proceeds. (See Bankruptcy case, Doc. 483 at 12). The plan defines appellee as the "reorganized

2

debtor," meaning appellee as reorganized under the terms of the plan and "revested with the property which was formerly property of the estate" in the bankruptcy case. (Id. at 11).

On May 1, 2019, appellee commenced the six adversary proceedings out of which these appeals arise, one against each appellant. (See Bankr. E.D.N.C. Nos. 19-64-5 (B. Adams); 19-65-5 (D&T); 19-66-5 (W. Adams); 19-67-5 (Smith); 19-68-5 (Strickland); 19-69-5 (Warren)). In its original complaints, appellee asserted that appellants breached post-petition contracts with appellee by failing to deliver some or all of an agreed-upon amount of sweet potatoes, or requiring additional payments to obtain an agreed-upon amount of sweet potatoes. Instead, appellee alleges, appellants applied payments received from appellee to appellee's pre-petition debts, in violation of the pre-payment order. Appellee asserted claims for breach of contract, unjust enrichment, and violation of the automatic stay, and it sought compensatory and punitive damages, declaratory relief, and contempt sanctions for violation of the pre-payment order.

Appellants filed answers in each of their cases demanding a jury trial. In addition, four appellants (B. Adams, W. Adams, Smith, and Warren) asserted counterclaims in their answers, asserting that appellee breached post-petition contracts by refusing to pay for or accept delivery of sweet potatoes as specified in the contracts.

On October 1, 2019, the bankruptcy court held a hearing concerning the jury trial demands and, after hearing argument from the parties, allowed appellee to amend its complaints. In its amended complaints in the six adversary proceedings, appellee removed the claims for breach of contract and unjust enrichment, and replaced them with claims for violation of the pre-payment order and a claim for turnover of the property of the bankruptcy estate. As relief, appellee seeks an order directing appellants "to return to the [appellee] the funds used by [appellee] to pay" the pre-payment amount under its post-petition contracts with appellants, again with declaratory relief,

3

and contempt sanctions for violation of the pre-payment order. (E.g., Bankr. E.D.N.C. Case No. 19-00064-5-SWH, Doc. 24 at 10) (amended complaint against B. Adams).

Appellants answered the amended complaints, again demanding a jury trial on all issues so triable. In addition, four appellants (B. Adams, W. Adams, Smith, and Warren) again asserted counterclaims in their answers, asserting that appellee breached post-petition contracts by refusing to pay for or accept delivery of sweet potatoes as specified in the contracts.

In its order entered March 11, 2020, which is subject of the instant appeals, the bankruptcy court struck appellants' demands for jury trial. See In re S. Produce Distributors, Inc., 616 B.R. at 675.[1] The court reasoned that three appellants who had filed claims (Strikland, D&T, and Warren) lost their right to demand a jury trial by virtue of filing such claims. Id. at 673. In addition, the court reasoned that four appellants who had filed counterclaims (B. Adams, W. Adams, Smith, and Warren) thereby waived their right to a jury trial. Id. at 673-674.

The instant appeals followed, with the instant motions for leave to appeal from an interlocutory order filed in each.

**COURT'S DISCUSSION**

A. Standard of Review

This court has "jurisdiction to hear appeals . . . with leave of the court, from . . . interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a)(3). In addition, such an appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeal from the district courts." 28 U.S.C. § 158(c)(2). Although the United States Court of Appeals for the Fourth Circuit has not addressed the standard for granting leave for interlocutory appeal under § 158(a)(3), courts in this circuit have considered the same factors used

---

[1] In the same order, the bankruptcy court also held in abeyance appellee's objections to certain claims, pending outcome of the adversary proceedings. That portion of the bankruptcy court's order is not subject of the instant appeal.

4

by circuit courts in determining whether to permit an interlocutory appeal under 28 U.S.C. § 1292(b). See, e.g., Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996).

Under this standard, the appellant "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). To meet this burden, the appellant must demonstrate that an interlocutory order 1) "involves a controlling question of law," 2) "as to which there is substantial ground for difference of opinion," and 3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

B.  Analysis

Appellants have demonstrated that exceptional circumstances justify a departure from the policy of postponing appellate review, and each of the three factors pertinent to appeal of the bankruptcy court's order, entered March 11, 2020, (hereinafter, the "bankruptcy court's order"),[2] have been met. The court addresses each factor in turn below.

1.  Controlling Question of Law

A controlling question of law is one that presents "a pure question of law, i.e., an abstract legal issue that the [reviewing court] can decide quickly and cleanly . . . without having to delve beyond the surface of the record in order to determine the facts." United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340–41 (4th Cir. 2017) (quotations omitted); see Johnson v. Burken, 930 F.2d 1202, 1206 (7th Cir. 1991) (noting that "controlling" in § 1292(b) "means serious to the conduct of the litigation, either practically or legally").

---

[2] The parties do not dispute that the bankruptcy court's order is an interlocutory order, within the meaning of §§ 158(a)(3) and 1292(b).

5

Here, the issue presented by the instant appeals, whether appellants are entitled to a jury trial on any of the claims in the adversary proceedings, is a pure question of law that this court can decide quickly and cleanly without having to delve beyond the surface of the record in order to determine the facts. It is a question that is serious to the conduct of the litigation in the adversary proceedings, both practically and legally, because it will determine whether the claims are adjudicated by a judge of the bankruptcy court or a common law jury as provided by the Seventh Amendment to the United States Constitution. The instant appeals raise questions of interpretation of case law regarding jury trials in the context of bankruptcy proceedings.

In sum, the first factor bearing upon interlocutory appeal is satisfied.

2.  Substantial Ground for Difference of Opinion

Although the Fourth Circuit has not expanded on the standard for a "substantial ground for difference of opinion," courts in this circuit have recognized that "[a] substantial ground for difference of opinion arises only if the disagreement on controlling law exists between courts, not merely parties." United States ex rel. A1 Procurement, LLC v. Thermcor, Inc., 173 F. Supp. 3d 320, 323 (E.D. Va. 2016). "A substantial ground for disagreement may arise if there is a novel and difficult issue of first impression, or if there is a circuit split and the controlling circuit has not commented on the conflicting issue." Id. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Here, there is a substantial ground for difference of opinion on the face of the bankruptcy court's order. In particular, the bankruptcy court notes that "[s]ome courts have decided that only a defendant that files a permissive counterclaim in the bankruptcy will lose the Seventh Amendment right to a jury trial, by subjecting itself to the bankruptcy court's equitable jurisdiction,

6

but a defendant that files a compulsory counterclaim will retain the right to a jury trial." In re S. Produce Distributors, Inc., 616 B.R. at 674. Here, the bankruptcy court reasoned that it "considered the case law and sides with the majority of courts that have held a waiver of the right to a jury trial" takes place upon filing of a compulsory counterclaim, as four appellants did here. Id. (emphasis added). Notably, however, all of the courts cited by the bankruptcy court as representing the "majority" rule are district courts, whereas one of the cases in what is characterized as a "minority" is a circuit court. Id. The Fourth Circuit has not commented on the issue.

Thus, in three of the instant appeals involving appellants who filed compulsory counterclaims and no proofs of claims, there is a controlling question of law over which there is a substantial ground for difference of opinion evidenced by the case law.

In three remaining appeals involving appellants who filed proofs of claim, the bankruptcy court relied upon the proofs of claims as grounds for finding a waiver of the jury trial right. This determination also involves a question of law over which there is a substantial ground for difference of opinion. For example, the bankruptcy court cites the case In re Hudson, 170 B.R. 868, 873–74 (E.D.N.C. 1994) for the proposition that "a creditor who files a claim with the bankruptcy court loses his Seventh Amendment right to a jury trial." However, although the Fourth Circuit has not addressed the issue, the Second Circuit has observed "neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed." Germain v. Connecticut Nat. Bank, 988 F.2d 1323, 1330 (2d Cir. 1993). Rather, whether the right is lost may turn on whether the controversy in the bankruptcy court is "inextricably intertwined with" statutory rights assigned to the bankruptcy court as a "specialized court of equity." Id. at 1331. Thus, there is a substantial ground

7

for difference of opinion on whether claims filed by three appellants in itself triggered a waiver of their jury trial rights over all aspects of the adversary proceedings.

Appellees suggest nonetheless that there is no substantial ground for difference of opinion on the issues in the instant appeal because it is clear that their claims in the adversary proceedings are equitable in nature. Appellees point out, for example, that there is no jury trial right for claims of turnover of property of an estate or violations of automatic stay. The bankruptcy court, however, did not base its decision on the types of claims asserted by appellee in the adversary proceedings. See In re S. Produce Distributors, Inc., 616 B.R. at 674. Rather, it rested upon the conduct of appellants in filing claims in bankruptcy and counterclaims in the adversary proceedings. See id. In bypassing this issue altogether, the bankruptcy court suggested that some of the issues raised by appellee's claims in the bankruptcy court are legal, and not equitable, in nature.

Accordingly, the second factor bearing upon interlocutory appeal is satisfied.

3. Advance Ultimate Termination

Although the Fourth Circuit has not expounded on the factor of "materially advance the ultimate termination of the litigation," another circuit has observed that the factor is satisfied where "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004); cf. In re Virginia Elec. & Power Co., 539 F.2d 357, 364 (4th Cir. 1976) (allowing interlocutory appeal of "a district judge's decision to recuse himself" before trial).

Here an immediate appeal from the bankruptcy court's order may materially advance the ultimate termination of the litigation, because it could prevent the parties from unnecessarily and

8

incorrectly proceeding to a bench trial in six separate adversary proceedings. In this respect, the appeal would serve to avoid a trial improvidently held.

Appellees argue, nonetheless, that allowing immediate appeal will not advance termination of this litigation, because "[o]nce discovery in this matter is complete, it is likely that the parties will be filing motions for summary judgment." (e.g., Appellee's Br. (Case No. 7:20-CV-00054-FL, DE 13) at 10). "If this matter is resolved on summary judgment, there would be no need to decide the issue of whether [appellants] have a right to a jury trial." (Id.). At this juncture, however, discovery has closed in the adversary proceedings, over appellants' objection, and the bankruptcy court denied a sole motion for summary judgment in each case filed by appellee. (See, e.g., E.D.N.C. Bankr. No. 19-00064-5-SWH, Doc. 63 (order denying motion to amend scheduling order), Doc. 75 (hearing on motion for summary judgment), Doc. 76 (order denying motion for summary judgment). There is nothing more pending in the adversary proceedings except for conduct of a trial before the bankruptcy judge. (See, e.g., id.). Accordingly, appellees' argument is moot.

Appellees also cite to three district court opinions denying a motion for leave to appeal a bankruptcy order on jury trial issues. Those cases, however, are distinguishable due to their procedural posture. See, e.g., In re Tate, No. 09-0039-WS-M, 2010 WL 923630, at *4 (S.D. Ala. Mar. 9, 2010) (noting a "corollary issue may obviate, in whole or in part, the ruling that [appellant] seeks to appeal, and may moot the entire appeal"); In re Bowers-Siemon Chemicals Co., 123 B.R. 821, 825 (N.D. Ill. 1991) ("early stage of the adversary proceeding"); In re S. Indus. Banking Corp., 70 B.R. 196, 201 (E.D. Tenn. 1986) ("the case is presently scheduled to come up for trial before the bankruptcy judge in the Northern Division of the Eastern District of Tennessee in less than one month").

In any event, the Fourth Circuit repeatedly has considered interlocutory appeals on the issue of whether a jury trial is necessary instead of a bench trial. See, e.g., Terry v. Chauffeurs, Teamsters & Helpers, Local 391, 863 F.2d 334, 339 (4th Cir. 1988); Slatin v. Stanford Research Inst., 590 F.2d 1292, 1293 (4th Cir. 1979); see also In re Baker & Getty Fin. Servs., Inc., 954 F.2d 1169, 1172 (6th Cir. 1992) (accepting interlocutory appeal of bankruptcy court jury trial issue, noting "if we later determined that the bankruptcy court lacked the authority to conduct trial, then the bankruptcy court jury trial would be invalid and a second jury trial in the district court would be necessary").

Accordingly, under the unique circumstances of this case, the instant appeal will materially advance the ultimate termination of this litigation. In sum, exceptional circumstances merit consideration of interlocutory appeal.

D.     Case Scheduling

Because of the time that has elapsed in this appeal, and because of the need for a speedy resolution of this appeal to further the interests of efficiency embodied in 28 U.S.C. § 1292(b), an expedited briefing schedule is warranted. In addition, given the overlap of issues on appeal, all arising from a single order of the bankruptcy court, as well as the uniformity of counsel representing appellants, the court finds good cause to consolidate the instant appeals. Going forward, all filings shall be made in lead case No. 7:20-CV-53-FL, and the clerk is directed to administratively close case Nos. 7:20-CV-54-FL, 7:20-CV-55-FL, 7:20-CV-56-FL, 7:20-CV-57-FL, and 7:20-CV-58-FL, and no further filings shall be accepted in those cases. The court directs the parties to file, within 14 days of the instant order a joint status report setting forth a proposed expedited schedule for completing and transmitting the record, without unnecessary duplication of identical documents or transcripts, and deadlines for consolidated briefing.

10

Case 7:20-cv-00055-FL   Document 15   Filed 02/04/21   Page 10 of 11

## CONCLUSION

Based on the foregoing, appellants' motions for interlocutory appeal are GRANTED. The court CONSOLIDATES the instant appeals. Going forward, all filings shall be made in lead case No. 7:20-CV-53-FL, and the clerk is DIRECTED to ADMINISTRATIVELY CLOSE case Nos. 7:20-CV-54-FL, 7:20-CV-55-FL, 7:20-CV-56-FL, 7:20-CV-57-FL, and 7:20-CV-58-FL, and no further filings shall be accepted in those cases. The court DIRECTS the parties to file, within 14 days of the instant order, a joint status report setting forth a proposed expedited schedule for completing and transmitting the record, without unnecessary duplication of identical documents or transcripts, and deadlines for consolidated briefing. If the parties agree on such schedule and deadlines, the parties shall include with their joint status report a proposed order memorializing the same. If there is disagreement, then the parties shall set forth their respective positions, and the court will enter such further order regarding planning and scheduling as warranted.

SO ORDERED, this the 4th day of February, 2021.

LOUISE W. FLANAGAN
United States District Judge